_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
May 01, 2015

Steven L. Yarmy, Esq.
Nevada Bar No. 8733
2595 S. Torrey Pines Drive
Las Vegas, Nevada 89146
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
Attorney for Plaintiff/Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Adv. No.: 14-01131-ABL |
| NATIVE ENERGY FARMS, LLC, | Case No.: 14-13482-ABL |
| Debtor | Chapter 11 |
| _____ | |
| NATIVE ENERGY FARMS, LLC, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | Hearing Date: April 3, 2015 |
| COASTAL BAND OF THE CHUMASH NATION, a California Non-Profit Corporation; SOUTHERN CHUMASH OWL CLAN, a California Unincorporated Association; CHEVRON USA, INC., a Pennsylvania Corporation; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; and DOES 1 through 20 inclusive, et al, | Hearing Time: 1:30 p.m. |

- 1 -

1  Defendants

6  Plaintiffs' NATIVE ENERGY FARMS, LLC'S, Motion for Summary Judgment in this above-referenced Adversary Proceeding came on for hearing on April 3, 2015 at 1:30 p.m. before the Honorable August B. Landis, with Steven L. Yarmy, Esq. appearing for Plaintiffs. No appearances were made by any of the Defendants.

The Court having read the pleadings, listened to the arguments of Plaintiff's counsel, having reviewed its previous notes and findings from previous hearings and having put its findings of fact and conclusions of law on the record in open court, and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

Native Energy Farms, LLC, a Nevada Limited Liability Company, and debtor within the captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and at all times mentioned herein is the absolute owner and purchaser of real property (hereinafter "Property") located at APN: 081-140-023. **The legal description of said Property is as follows, and which is the subject of the Plaintiff's Motion for Summary Judgment:**

> That portion of the Rancho Nuestra Senora Del Refugio in the County of Santa Barbara, State of California, according to the United States patent thereof recorded July 28, 1866, in Book "A" of Patents, Page 17, et seq., records of said County, described as follows:
>
> Beginning at the Westerly terminus of that certain course in the Northerly line of the land described in the deed to Robert L. Waldron, et al., recorded June 22, 1970, as Instrument

Number 16018, in Book 2312, Page 274 of Official Records of said County, having a bearing and distance of "South 82º 22' 10" East, 323.88 feet";

    Thence 1st, S. 82º 22' 10" E., along said Northerly line, 323.88 feet to an angle point therein;

    Thence 2nd, N. 42º 21' 00" E., continuing along said Northerly line, 145.00 feet to an angle point therein;

    Thence 3rd, N. 88º 45' 00" E., continuing along said Northerly line, 70.00 feet to an angle point therein;

    Thence 4th, S. 55º 58' 37" E., continuing along said Northerly line, 251.10 feet to an angle point therein;

    Thence 5th, N. 84º 43' 18" E., continuing along said Northerly line, 355.88 feet to an angle point therein;

    Thence 6th, N. 67º 49' 32" E., continuing along said Northerly line, 182.00 feet to angle point therein;

    Thence 7th, N. 58º 05' 58" E., continuing along said Northerly line, 313.85 feet to an angle point therein;

    Thence 8th, S. 88º 33' 58" E., continuing along said Northerly line, 320.35 feet to an angle point therein;

    Thence 9th, S. 67º 10' 28" E., continuing along said Northerly line, 257.39 feet to an angle point therein;

    Thence 10th, S. 33º 31' 32" E., continuing along said Northerly line, 337.08 feet to an angle point therein;

    Thence 11th, S. 6º 20' 40" W, continuing along said Northerly line, 151.33 feet to an angle point therein;

    Thence 12th, S. 69º 12' 50" E., continuing along said Northerly line, 453.10 feet to an angle point therein;

    Thence 13th, leaving said Northerly line, S. 74º 05' 19" E., a distance of 1016.41 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 14th, S. 20º 22' 06" E., a distance of 265.90 feet a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 15th, S. 22º 37' 56" E., a distance of 137.48 feet to a 1/2-inch iron pipe with tag marked "PSL 6167";

    Thence 16th, S. 4º 25' 19" E., a distance of 17.77 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 17th, S. 22º 15' 50" W., a distance of 15.83 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 18th, S. 37º 13' 11" W., a distance of 12.43 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 19th, S. 47º 40' 28" W., a distance of 14.42 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 20th, S. 58º 38' 26" W., a distance of 27.23 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 21st, S. 76º 54' 49" W., a distance of 170.73 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

    Thence 22nd, N. 78º 16' 07" W., a distance of 1441.00 feet to a 1/2-inch iron pipe with tag marked "PLS 6167";

| | |
|---|---|
| 1 | Thence 23rd, S. 25º 58' 01" W., a distance of 449.87 feet to a 1/2-iron pipe with tag marked "PLS 6167"; |
| 2 | |
| 3 | Thence 24th, N. 79º 59' 39" W., a distance of 505.37 feet ot a 1/2-inch iron pipe with tag marked "PLS 616"; |
| 4 | Thence 25th, N. 89º 15' 07" W., a distance of 793.83 feet to a 1/2-inch iron pipe with tag marked "PLS 6167"; |
| 5 | Thence 26th, N. 25º 49' 22" W., a distance of 1468.16 feet to the point of beginning. |

The Coastal Band of the Chumash Nation and Southern Chumash Owl Clan were properly served on August 27, 2014. See ECF No's: 11 and 12

That on October 14, 2014 a stipulation was provided to Chevron USA. On November 17, 2014, the Debtor received from Chevron a signed stipulation and order granting Native Energy Farms, LLC absolute title. See ECF No. 16 filed on November 18, 2014. An Order was entered on November 19, 2014 at ECF No. 17.

That a Clerk's Entry of Default was entered against the Coastal Band of the Chumash Nation, Inc. and Southern Chumash Owl Clan on October 1, 2014. See ECF No. 15. A subsequent Amended Clerk's Entry of Default was uploaded on November 18, 2014 to remove the default of Chevron USA. Native Energy Farms, LLC and Chevron USA agreed to a stipulation and order resolving the claims alleged in the Complaint at ECF No. 1.

That the Coastal Band of the Chumash Nation, Inc., a California non-profit corporation, executed a Grant Deed on April 19, 2013, and granted all its rights, absolute title, and interest in the Land described herein to Southern Chumash Owl Clan, which was filed on May 24, 2013, in the Official Records of Santa Barbara County, California as instrument number 2013-0034916

That on October 29, 2013, Plaintiff purchased property from Southern Chumash Owl Clan free and clear from any restrictions, claims or interest and absolute title was conveyed.

That the Southern Chumash Owl Clan, a California unincorporated association, executed a Grant Deed on October 29, 2013, and granted all its rights, title, and interest in the Land described

herein to Native Energy Farms, LLC, which was filed on October 29, 2013, in the Official Records of Santa

That both Coastal Band of the Chumash Nation, Inc. and the Coastal Band of Chumash Nation are not Federally Recognized Tribes published in the Federal Register / Vol. 79, No. 19 / Wednesday, January 29, 2014.

That Southern Chumash Owl Clan is not a Federally Recognized Tribe published in the Federal Register / Vol. 79, No. 19 / Wednesday, January 29, 2014.

That Plaintiff has both absolute legal and absolute equitable title free from all claims, interest and restrictions

**Jurisdiction**

1. The Bankruptcy Court has subject matter jurisdiction over the main chapter 11 bankruptcy case 14-13482-ABL pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §157(a), and U.S. District Court Local Rule 1001(b)(1)..

2. The Bankruptcy Court has subject matter jurisdiction over the adversary proceeding case 14-01131-ABL pursuant to 28 U.S.C. § 1334(b), and 28 U.S.C. §157(a), and U.S. District Court Local Rule 1001(b)(1).

**Venue**

1. The Bankruptcy Court has proper venue over the main chapter 11 bankruptcy case 14-13482-ABL pursuant to 28 U.S.C. § 1408(1).

2. The Bankruptcy Court has proper venue over the adversary proceeding case 14-01131-ABL pursuant to pursuant to 28 U.S.C. § 1409(a).

**Core Proceeding**

Pursuant to 28 U.S.C. § 157 (b)(3) the Bankruptcy Judge shall determine on the Judge's own motion or timely motion by other party whether the proceeding is a core proceeding under this

subsection, or whether the proceeding is otherwise related to a case under Title 11 of the Bankruptcy Code. As required by 28 U.S.C. § 157 (b)(3), and on its own motion, the Court determines that the issues raised by the complaint in adversary proceeding case 14-01131-ABL and the pending Motion for Summary Judgment are core proceedings under 28 U.S.C. § 157(b)(2)(a) and (o). Also, the issues raised in the adversary proceeding case 14-01131-ABL are otherwise related to the main chapter 11 bankruptcy case 14-13482-ABL under Title 11 of the Bankruptcy Code.

### Judicial Notice

The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Motion for Summary Judgment) including without limitation the entire docket of the adversary case 14-01131-ABL, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the adversary case 14-01131-ABL. FRE 201(b) and (c)(1).

### Burden of Proof

The Plaintiff has satisfied its burden of proving that there are no genuine issues of material fact concerning any issues raised by the adversary complaint. The Court accepts and adopts as a factual predicate Plaintiff's Statement of Undisputed Facts filed at docket 22 in the adversary case 14-01131-ABL. The Motion for Summary Judgment was considered by the Court in light most favorable to the Defendants even considering there was no opposition and Defendants COASTAL BAND OF THE CHUMASH NATION, a California Non-Profit Corporation; and SOUTHERN CHUMASH OWL CLAN where defaulted.

### Standards Under FRCP 56(a)

Plaintiff's Motion for Summary Judgment is predicated upon Federal Rules of Civil Procedure 56(a) Motion for Summary Judgment or Partial Summary Judgment and made applicable to this bankruptcy proceeding through Federal Rule of Evidence 7056.

1   FRCP 56(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move
2   for summary judgment, identifying each claim or defense — or the part of each claim or defense — on
    which summary judgment is sought. The court shall grant summary judgment if the movant shows
3   that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a
    matter of law. The court should state on the record the reasons for granting or denying the motion.
4   Under FRCP 56(a), applicable here through Federal Rule of Evidence 7056, summary judgment is
    appropriate when the movant shows that there is no issue as to any issue of material fact and the
5   movant is entitled to summary judgment as a matter of law, Movant has initial burden to show no
    genuine issues of material facts exist. Celotex Corporation v. Catrett, 477 U.S. RPTR 317 322, 323
6   (1986).
7   For summary judgment purposes a dispute is genuine only if there is a sufficient evidentiary basis
    upon which when a reasonable fact finder could find for the non-moving party. A dispute over a fact is
8   material only when it could affect the outcome of the suit under the governing law. Barbosa v New
    Form, Inc. 545 F.3d, 702, 707 (2008). See also Anderson v. Liberty Lobby 477 US RPTR, 242, 248
9   (1986).

10
    When considering the materials compromising the motion for summary judgment record the Court
11  must view the evidence in favor of the non-moving party. Mano–Y & M, Ltd. v. The Mortgage Store,
    Inc., 773 F.3d, 990, 994 (2014). See also Singh v. Clinton 618 F3d, 1085, 1088 (2010); County of
12  Tuolumne v. Sonora County Hospital 236 F3d, 1148, 1154 (2001)

13
    The moving parties' evidence is judged by the same standard approved applicable at trial. Anderson v.
14  Liberty Lobby. Inc., 477 US, 254 (1986).See also Southern California Gas Company v. City of Santa
    Ana, 336 F.3d 885, 888 (2003).
15
    If the evidence offered in support of the motion establishes every essential element of moving parties
16  claim or defense there is no need to offer evidence to negate or disproves matters on which opposing
    party has the burden of proof at trial. Celotex, 477 U.S. RPTR. at 323.
17
    Inferences are viewed in favor of opposing party unless substantive law does not allow such inference
18  as regarding the claims Miller v. Glen Miller Products, 454 F.3d 987 (2006).
19
    To defeat a summary judgment motion, the non-moving party may not rest on allegations or denials in
20  pleadings. Barbosa v. Barbosa, 545 F.3d, 707 (2008).
21
    To successfully rebut or properly support a motion for summary judgment the non-moving party must
22  point to some facts in the record that demonstrate a genuine issue of material fact and with all the
    reasonable inferences made in the non-moving parties favor to convince a reasonable jury to find for
24  the non-moving party. Reece v. Jefferson School District, 208 F.3d, 736, 738 (2000). Galen v. County
    of Los Angeles, 477 F.3d, 652, 658 (2007).
24
    The non-moving party must establish the existence of a genuine factual dispute on the basis of
25  admissible evidence. Bare allegations without evidentiary support are insufficient to survive summary
    judgment. Tucker v. Interscope Records, Inc. 515 F.3d., 1019 (2008).
26
27  The court need only consider cited materials submitted by the party but may consider other materials
    on the record Rule 7056 (c)(3). However, the trial court Judge is not required to comb the record to
28

1  find reason to deny a motion for summary judgment. Southern California Gas Company v. City of Santa Ana, 336 F.3d 889 (2003).

The court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented. Agosto v. INS, 436 U.S. Rptr. 748, 756 (1978).

At the summary judgment stage the judges' function is not himself to weight the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. Rptr., at 249. See generally Barbosa at 545 F.3d at 707.

Summary judgment should not be entered when there are disputes over facts that may affect the outcome of the suit under governing law. Anderson, 477 U.S. Rptr. at 249.

If the evidence submitted in support of the motion for summary judgment does not meet the movants' burden of production then summary judgment must be denied. Tzung v. State Farm Fire and Casualty Company, 873 F.2d 1338, 1339, 1340 (1989).

## **ORDER**

Based upon the foregoing it is hereby:

**ORDERED** that Plaintiff has satisfied its burden of proof that there are no genuine issues of material fact, and therefore entitled to judgment in its favor as a matter of law for all the relief requested in the adversary case14-01131-ABL.

**IT IS FURTHER ORDERED** and declared that pursuant to Cal. Gov. Code § 12955(l) the restrictions and reversionary interest held by Chevron USA Inc. and related to the Chumash ancestral group of people, origin and religious and cultural purposes are void and against public policy and hereby removed from title. Title is vested in the Plaintiff Native Energy farms, LLC. without any covenants and restrictions, including any restrictions concerning Tribal use of the Property.

**IT IS FURTHER ORDERED** and declared that both the Coastal Band of Chumash Nation and Southern Chumash Owl Clan are not Federally recognized Native American Indian Tribes such that Bureau of Indian Affairs involvement in this matter is not required.

**IT IS FURTHER ORDERED** that the title to the Property is vested solely with the Plaintiff with absolute title free from all claims, interest and restrictions and covenants.

For the reasons set forth herein,

**IT IS SO ORDERED.**

Respectfully Submitted By,

**/s/ Steven L. Yarmy**
STEVEN L. YARMY #8733
Attorney for Plaintiff/Debtor

**ALTERNATIVE METHOD re: RULE 9021**:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_    The court has waived the requirement set forth in LR 9021(b)(1).

**XXX**    No party appeared at the hearing or filed an objection to the motion.

_____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

\_\_\_\_    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.